# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEROME OSCAR ATKINS,

        Petitioner,                        Case Number: 2:06-CV-12420

v.                                            HON. LAWRENCE P. ZATKOFF

LINDA METRISH,

        Respondent.
                                            /

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITHOUT PREJUDICE

Petitioner Jerome Oscar Atkins has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he filed his petition, Petitioner was incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. He has since been released on parole. Petitioner challenges his sentence for delivery of less than 50 grams of cocaine. Respondent has filed a Motion to Dismiss on the ground that the petition presents claims that are not fully exhausted.

## I. Procedural History

On December 14, 2001, Petitioner pleaded guilty in Jackson County Circuit Court to delivery of less than 50 grams of a substance containing cocaine. On January 10, 2002, he was sentenced to lifetime probation.

On November 18, 2002, Petitioner pleaded guilty to violating the terms of his probation. On December 5, 2002, he was sentenced to continued lifetime probation.

On November 4, 2003, Petitioner pleaded guilty to a second probation violation. On November 20, 2003, Petitioner was sentenced to four to twenty years imprisonment. Petitioner filed

a motion for resentencing which was denied on February 25, 2005.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

> I. The trial court erred in denying Mr. Atkins' motion for resentencing and Mr. Atkins' sentence is invalid where (1) the trial court failed to apply the sentencing guidelines to a probation violation sentence; (2) the trial court upwardly departed without substantial and compelling reasons as its reasons included conduct for which Mr. Atkins already had been punished, or found not guilty of, and conduct which was never proved beyond a reasonable doubt, and which merely consisted of a reiteration of his probation violation conduct; (3) the trial court failed to explain why any of its reasons justified that departure or how the reasons contributed to a more proportionate sentence than is available within the guidelines range, and the overall principles of proportionality; (4) Mr. Atkins was sentenced with a PSIR that was subjective and not accurate; and (5) Mr. Atkins is not the most egregious offender.
>
> II. Failure of counsel to object to sentencing errors, *inter alia*, was ineffective assistance of counsel and entitles Mr. Atkins to resentencing.

The Michigan Court of Appeals denied leave to appeal. People v. Atkins, No. 261579 (Mich. Ct. App. Aug. 11, 2005).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, presenting the following claims:

> I. The trial court failed to apply sentencing guidelines to a probation violation sentence.
>
> II. The trial court erred in denying Mr. Atkins' motion for resentencing and Mr. Atkins' sentence is invalid where the trial court failed to apply the sentencing guidelines to a probation violation sentence and the trial court upwardly departed without substantial and compelling reasons as its reasons included conduct for which Mr. Atkins already had been punished for, or found not guilty of, and conduct which was never proved beyond a reasonable doubt, and which merely consisted of a reiteration of his probation violation conduct
>
> III. Proportionality: the trial court failed to explain why any of its reasons justified that departure, or how the reasons contributed to a more proportionate sentence than is available within the sentencing guidelines range, and the overall principle of proportionality.

2

IV. Mr. Atkins was sentenced with a PSIR that was subjective and not accurate.

V. Failure of counsel to object to sentencing errors and, *inter alia*, was ineffective assistance of counsel, and entitles Mr. Atkins to resentencing.

VI. Mr. Atkins is not the most egregious offender.

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I. The trial court failed to apply sentencing guidelines to probation violation sentence.

II. The trial court upwardly departed without substantial and compelling reasons and its "reasons" included conduct that Mr. Atkins had already been punished for. And the trial court used conduct in the sentencing that was not proved beyond a reasonable doubt.

III. Proportionality, in terms of the sentence not being suitable or proper as it relates to the crime.

IV. Mr. Atkins was sentenced with a PSIR that was subjective, not accurate, and not updated accordingly.

V. Counsel's advice and performance fell below an objective standard of reasonableness and failure of counsel to object to sentencing errors and *inter alia*, was ineffective assistance of counsel and entitled Mr. Atkins to resentencing. Also, there is a reasonable probability that, but for counsel's advice and errors, Mr. Atkins would not have pleaded guilty and would have insisted on going to trial. Counsel's failure to object to improper comments and bias of judge was ineffective assistance of counsel, and failed to object to the sentencing judge's failure to honor a sentence agreement.

VI. Mr. Atkins is not the most egregious offender.

## II.

Respondent argues that the petition should be dismissed because two of Petitioner's ineffective assistance of counsel claims have not been exhausted in state court.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). This

doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845, 119 S. Ct. at 1733. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Petitioner failed to present in state court his claims that his trial attorney failed to object to the sentencing court's failure to honor a sentencing agreement and failed to object to other instances of judicial bias. Therefore, these claims are unexhausted.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 et seq., which allows the trial court to appoint counsel, seek a response from the prosecutor,

4

expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005). Petitioner fails to allege cause for his failure to exhaust his unexhausted claims. Therefore, the Court will dismiss the petition rather than hold it in abeyance. The Court is mindful that, it must, nevertheless, be cautious not to "'jeopardize the timeliness of a collateral attack.'" Palmer, 276 F.3d at 781, *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, March 18, 2006, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." Hargrove, 300 F.3d at 718.

## III.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from March 18, 2006, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 26, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290